IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TELMARK, LLC, *et al.*,<br><br>　　　　　　　　　Defendants | Case No.: JFM 03 CV 0266 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS OR FOR CHANGE OF VENUE**

**PRELIMINARY STATEMENT**

Defendants Telmark, LLC, Agway Energy Products, LLC, Agway Energy Services, Inc. and Agway Energy Services-PA, Inc. respectfully submit this reply memorandum of law in further support of their motion to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, alternatively, to transfer this action to the United States District Court for the Northern District of New York.

03176/0/00071295.WPDv1

## ARGUMENT

I.  **THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.**

A court's exercise of personal jurisdiction over a defendant must be either specific or general. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). F&D did not respond to Defendants' argument that this Court does not have general jurisdiction over Defendants. Accordingly, F&D concedes the lack of general jurisdiction over Defendants.

F&D argues that this Court has specific jurisdiction over Defendants by virtue of Maryland's long-arm statute, specifically §§ 6-103(b)(1) and 6-103(b)(6). F&D has the burden to show, by a preponderance of the evidence, that this Court has specific personal jurisdiction over Defendants. *American Information Corp. v. American Infometrics, Inc.*, 139 F. Supp. 2d 696 (D. Md. 2001) (Motz J.). F&D must sustain its burden of proof through sworn affidavits or other competent evidence. *Nichols et al. v. G.D. Searle & Co. et al.*, 783 F. Supp. 233, 235 (D. Md. 1992) aff'd 991 F.2d 1195.

F&D submitted the affidavit of Dennis R. Hayden in opposition to this motion. Mr. Hayden's affidavit, however, contains no facts showing that Defendants were even parties to the 1986 Indemnity Agreement. Because Defendants were not

parties to the Indemnity Agreement, this Court does not have specific jurisdiction over Defendants based upon the Indemnity Agreement.

F&D attempts to avoid this fact by asserting under both §§ 6-103(b)(1) and 6-103(b)(2) that Defendants acted through their "agent" Agway, Inc., with respect to the Indemnity Agreement. However, F&D has produced no facts or law supporting the purported agency relationship. In fact, under Maryland law, a subsidiary corporation is not an agent of its parent and a parent corporation is not an agent of its subsidiary unless the facts concerning their relationship warrant piercing the veil between the two. *See Brendan Glass v. Volkswagen of America, Inc.*, 172 F. Supp. 743 (D. Md. 2001). F&D has not set forth any facts or even argument that the factors necessary for a court to pierce the corporate veil have been met in this case. *See Mylan Labs v. Akzo, N.V. et al.*, 2 F.3d 56, 61 (4th Cir. 1993) (setting forth the factors necessary for piercing the corporate veil for jurisdictional purposes).

F&D also attempts to establish jurisdiction under § 6-103(b)(6). That section states that:

> A court may exercise personal jurisdiction over a person, who directly or by agent: (6) Contracts to insure or act as a surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Cts. and Jud. Proc. § 6-103(b)(6). F&D again makes the unsupported assertion that Agway, Inc. was acting as Defendants' agent when it entered into the Indemnity Agreement with F&D. However, F&D also suggests without any legal support that the Indemnity Agreement is equivalent to an insurance contract. Defendants agree with F&D that "[s]ubsection (b)(6) is a specialized subsection relating to insurer and surety relationships." *McKown v. Criser's Sales and Service*, 48 Md. App. 739, 744 (1981). However, subsection (b)(6) "was intended to apply only to insurance contracts." Id. Clearly, the Indemnity Agreement is not an insurance contract and F&D's unsupported assertion of jurisdiction under subsection (b)(6) must be rejected by the Court.

Even if F&D met its burden of proof that Defendants' actions fall within the cited provisions of Maryland's long arm statute, it has failed to show that the exercise of personal jurisdiction over Defendants would be consistent with the Due Process Clause of the Fourteenth Amendment. *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134 (4th Cir. 1996). F&D does not dispute that the 1986 Indemnity Agreement was negotiated between Agway, Inc. and F&D's Syracuse, New York office. F&D asserts that Defendants, through Agway, Inc., "purposely directed" their activities toward F&D in Maryland because the process of entering into the Indemnity Agreement involved oversight, review, direction and authorization from F&D's home office in Baltimore, "a fact that was, or should have been, obvious to the Defendants and/or Defendants' agent,

Agway." Plaintiff's Memo. p. 5. Accordingly, the sole factual basis argued by F&D in its attempt to establish Defendants' "minimum contacts" with Maryland are unilateral actions by F&D in Maryland and claims that Defendants "should have known" that F&D was taking those unilateral actions in Maryland. Even though, on its face, this argument is dubious at best, it is well settled that "[t]he unilateral activities of those claiming some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *McGann v. Wilson, et al.*, 117 Md. App. 595, 602 (1997).

Accordingly, F&D has failed to meet its burden of proving that this Court has specific jurisdiction over Defendants, and, as such, Defendants' motion to dismiss must be granted.

II.  **ASSUMING ARGUENDO THAT THE COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS, THE COURT NONETHELESS SHOULD TRANSFER THE CASE TO THE NORTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES.**

Even if the Court finds that the issue of whether Defendants are subject to jurisdiction in Maryland is a close one, we respectfully request that the Court exercise its discretion to transfer this case pursuant to 28 U.S.C. § 1404(a) as it did under similar circumstances in *Tyler v. Gaines Motor Lines, Inc.*, JFM-02-1975, 2003 U.S. Dist. Lexis 1961 (D. Md. Jan. 30, 2003) (Motz J.), *The Harry and Jeanette Weinberg Foundation, Inc. v. ANB Investment Mgmt & Trust Co.*, 966 F. Supp. 389 (D. Md. 1997) (Motz J.) and

*Joseph M. Coleman & Assocs., Inc. v. Colonial Metals*, 877 F. Supp. 116 (D. Md. 1995) (Motz J.).

F&D's arguments in response to Defendant's motion to change venue to the Northern District of New York highlights the fact that the Indemnity Agreement has no connection with Maryland other than the fact that it may have been executed by certain F&D employees in Maryland. It is undisputed that the Indemnity Agreement was negotiated between the parties in Syracuse, New York and that several non-party witnesses who were formerly employed by Agway and at least one non-party witness who was formerly employed by F&D reside in the Northern District of New York.

While a plaintiff's choice of forum is entitled to some deference, its choice is not sacrosanct. *Zawatsky v. John Alden Life Ins. Co.*, 822 F. Supp. 1215 (D. Md. 1993). Under certain circumstances, a plaintiff's choice of forum must yield to other interests. *Joseph M. Coleman & Assocs.*, 887 F. Supp at 120. In this case, the locus of operative facts and the convenience of non-party witnesses warrants the transfer of venue. In addition, because F&D currently has an office in Syracuse, New York, it cannot legitimately contend that it would suffer any real inconvenience if the Court transferred the case to the Northern District of New York.

At the very least, this action must be stayed pending the resolution of the Agway, Inc. bankruptcy proceeding and an adversary proceeding that has been

commenced by Agway, Inc., Telmark, LLC, Agway Energy Products, LLC., Agway Energy Services, Inc. and Agway Energy Services, PA, Inc. against F&D in the United States Bankruptcy Court for the Northern District of New York. See Keleher Dec. ¶ 2.

The staying of this action is required by the recent Second Circuit decision in *Queenie, Ltd. v. NYGARD, Int.*, 2003 U.S. App. Lexis 3398 (2d Cir. Feb. 25, 2003). In Queenie, the Second Circuit held that the automatic stay provided by 11 U.S.C. § 362(a) applies to stay actions against a debtor's wholly owned subsidiary because a claim against the subsidiary would have an immediate adverse economic impact on the debtor. 2003 U.S. App. Lexis 3398 at * 14. As set forth in the Affidavit of Peter O'Neill, the Defendants' are wholly owned subsidiaries of debtor Agway, Inc. (O'Neill Aff. ¶ 2). Accordingly, a determination that any or all of the Defendants are liable to F&D in any amount would result in a decrease to the assets of the Agway, Inc. bankruptcy estate (O'Neill Aff. ¶ 27) and have an immediate adverse economic impact on Agway, Inc. Accordingly, if this Court finds a basis for jurisdiction over Defendants and declines to transfer venue to the Northern District of New York, this action is automatically stayed pursuant to the holding of *Queenie, Ltd.* and 11 U.S.C. § 362(a).

### III.   CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint for lack of personal jurisdiction over the defendants. In the alternative, the Court should transfer

the action to the United States District Court for the Northern District of New York or stay this action pending resolution of the Agway, Inc. bankruptcy proceeding and the adversary proceeding against F&D currently pending in the United States Bankruptcy Court for the Northern District of New York.

        Respectfully submitted

        /S/

        _____
        Andrew Jay Graham (00080)
        John F. Dougherty (25369)
        Kramon & Graham, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland 21202
        Telephone: (410) 752-6030
        Facsimile: (410) 539-1269

        - and –

        BOND, SCHOENECK & KING, PLLC
        Thomas D. Keleher
        Brian J. Butler
        One Lincoln Center
        Syracuse, New York 13202-1355
        Telephone: (315) 422-0121
        Facsimile: (315) 422-6825

        Attorneys for Defendants